UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   21-20438-CR-BLOOM

UNITED STATES OF AMERICA

vs.

RONALD MIJAIL ARREGOCES BARROS,

Defendant.

_____/

## FACTUAL PROFFER

If this matter were to proceed to trial, the Government would prove the following facts beyond a reasonable doubt.  The Parties agree that these facts, which do not include all facts known to the Government and the defendant, Ronald Mijail Arregoces Barros (hereinafter "the Defendant"), are sufficient to prove the guilt of the Defendant as to Count 1 of the Indictment.

On or about August 10, 2021, a Maritime Patrol Aircraft located a go-fast vessel ("GFV") dead in the water in the Caribbean Sea approximately 233 nautical miles south of Santo Domingo, Dominican Republic, upon the high seas and in international waters.   Three (3) persons were on the GFV, which had no indicial of nationality.   The crew were later identified as the Defendant and co-defendants Julio Jose Hernandez Olaya, And Ronald Jeffery Rosado.   Packages and fuel drums were visible on deck.

HNLMS HOLLAND, manned with U.S. Coast Guard Law Enforcement Detached Team 101 ("LEDET 101"), was diverted to investigate.   HNLMS HOLLAND and LEDDET 101 were granted a "Statement of No Objection" to conduct a "Right of Visit" boarding based on reasonable suspicion of drug smuggling.   HNLMS HOLLAND launched two (2) smaller boats, each manned with a boarding team which included U.S. Coast Guard personnel, and a helicopter to intercept the

GFV.

During right of approach questioning by U.S. Coast Guard personnel authorized to enforce United States law, a GFV crew member claimed Colombian nationality for the vessel. Upon being contacted by U.S. authorities pursuant to U.S./Colombia bilateral agreement, the Colombian Government could neither confirm nor deny registry of the vessel. Accordingly, pursuant to 46 U.S.C. § 70502(d)(1)(C), the vessel was treated as a vessel without nationality and therefore, subject to the jurisdiction of the United States. Additionally, the Parties agree that there is enough of a factual basis for the Court to make a finding that the vessel in this case was a vessel without nationality pursuant to 46 U.S.C. § 70502(d)(1)(C).

A full law enforcement boarding of the GFV ensued. The boarding team located approximately 32 packages, which were characteristic of cocaine bales transported by maritime drug traffickers. Two (2) presumptive field tests conducted on the bales were also positive for the presence of cocaine. The at-sea weight of the cocaine bales was approximately 798 kilograms, which the Defendant and his co-defendants intended to deliver to others at the end of their journey.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 4/29/22            By: _____
                             SEAN T. McLAUGHLIN
                             ASSISTANT UNITED STATES ATTORNEY

Date: 4/23/22            By: _____
                             AFPD AIMEE FERRER
                             ATTORNEY FOR DEFENDANT

Date: 4/28/22            By: _____
                             RONALD MIJAIL ARREGOCES BARROS
                             DEFENDANT

2