# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § JUDGMENT IN A CRIMINAL CASE |
| | § |
| v. | § |
| | § Case Number: **1:21-CR-20438-BB(1)** |
| **RONALD MIJAIL ARREGOCES BARROS** | § USM Number: **02464-506** |
| | § |
| | § Counsel for Defendant: **Aimee Allegra Ferrer** |
| | § Counsel for United States: **Richard Earl Getchell** |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☒ | pleaded guilty to count(s) | **1 of the indictment.** |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 46:U.S.C.§70506(B) Conspiracy To Possess A Controlled Substance Aboard A Vessel | 08/10/2021 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)

☒   Count(s)  2  ☒ is   dismissed on the motion of the United States

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

**July 8, 2022**
Date of Imposition of Judgment

Signature of Judge

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**July 8, 2022**
Date

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                    Judgment -- Page 2 of 7

DEFENDANT:          RONALD MIJAIL ARREGOCES BARROS
CASE NUMBER:        1:21-CR-20438-BB(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**70 months as to Count 1. The Defendant is to receive credit from the time of detention, August 10, 2021.**

☒    The court makes the following recommendations to the Bureau of Prisons: That the Defendant be designated to a South
     Florida facility.

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐    at                          ☐    a.m.      ☐    p.m.      on

     ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐    before 2 p.m. on
     ☐    as notified by the United States Marshal.
     ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

     Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

                                                        UNITED STATES MARSHAL

                                                              By
                                                        DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                    Judgment -- Page 3 of 7

DEFENDANT:          RONALD MIJAIL ARREGOCES BARROS
CASE NUMBER:        1:21-CR-20438-BB(1)


# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  **two (2) years as to Count 1.**


# MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4.  ☐   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5.  ☒   You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6.  ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7.  ☐   You must participate in an approved program for domestic violence. (*check if applicable*)


    You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                          Judgment -- Page 4 of 7

DEFENDANT:          RONALD MIJAIL ARREGOCES BARROS
CASE NUMBER:        1:21-CR-20438-BB(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.flsp.uscourts.gov.

Defendant's Signature  _____          Date  _____

DEFENDANT:          RONALD MIJAIL ARREGOCES BARROS
CASE NUMBER:        1:21-CR-20438-BB(1)

# SPECIAL CONDITIONS OF SUPERVISION

**Cooperating with Immigration during Removal Proceedings:** The defendant shall cooperate in any removal proceedings initiated or pending by the U.S. Immigration and Customs Enforcement consistent with the Immigration and Nationality Act. If removed, the defendant shall not reenter the United States without the prior written permission of the Undersecretary for Border and Transportation Security. The term of supervised release shall be non-reporting while the defendant is residing outside the United States. If the defendant reenters the United States within the term of probation, the defendant is to report to the nearest U.S. Probation Office within 72 hours of the defendant's arrival.

**Permissible Search:** The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Surrendering to Immigration for Removal After Imprisonment:** At the completion of the defendant's term of imprisonment, the defendant shall be surrendered to the custody of the U.S. Immigration and Customs Enforcement for removal proceedings consistent with the Immigration and Nationality Act. If removed, the defendant shall not reenter the United States without the prior written permission of the Undersecretary for Border and Transportation Security. The term of supervised release shall be non-reporting while the defendant is residing outside the United States. If the defendant reenters the United States within the term of supervised release, the defendant is to report to the nearest U.S. Probation Office within 72 hours of the defendant's arrival.

**Unpaid Restitution, Fines, or Special Assessments:** If the defendant has any unpaid amount of restitution, fines, or special assessments, the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                    Judgment -- Page 6 of 7

DEFENDANT:          RONALD MIJAIL ARREGOCES BARROS
CASE NUMBER:        1:21-CR-20438-BB(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $.00 | $.00 | | |

☐ The determination of restitution is deferred until     An *Amended Judgment in a Criminal Case (AO245C)* will be entered
after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the schedule of payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ the interest requirement is waived for the    ☐ fine      ☒ restitution

    ☐ the interest requirement for the    ☐ fine      ☐ restitution is modified as follows:

Restitution with Imprisonment - It is further ordered that the defendant shall pay restitution in the amount of **$.00**. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

AO 245B (Rev. FLSD 2/20) Judgment in a Criminal Case                                    Judgment -- Page 7 of 7

DEFENDANT:          RONALD MIJAIL ARREGOCES BARROS
CASE NUMBER:        1:21-CR-20438-BB(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   ☒   Lump sum payments of $100.00 due immediately, balance due

**It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 1, which shall be due immediately.  Said special assessment shall be paid to the Clerk, U.S. District Court. Payment is to be addressed to:**

> **U.S. CLERK'S OFFICE**
> **ATTN: FINANCIAL SECTION**
> **400 NORTH MIAMI AVENUE, ROOM 8N09**
> **MIAMI, FLORIDA 33128-7716**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several
    See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:
    **FORFEITURE of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea agreement.  The United States shall submit a proposed Order of Forfeiture within three days of this proceeding.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.