**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 21-20438-CR-BLOOM**

**UNITED STATES OF AMERICA,**

***Plaintiff*,**

**v.**

**RONALD MIJAIL ARREGOCES BARROS**

***Defendant.***
______________________________________________/

## MOTION FOR INDICATIVE RULING

The Defendant, Ronald Mijail Arregoces Barros, through the undersigned counsel and pursuant to Fed. R. Crim. P. 37, respectfully moves this Honorable Court for an indicative ruling, informing the court of appeals that it would grant his renewed motion for a two-level reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 to the United States Sentencing Guidelines (DE 109), if jurisdiction is returned for that purpose. In support of his request, Mr. Arregoces Barros states:

1. Mr. Arregoces Barros pled guilty to one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b).

2. The Court sentenced Mr. Arregoces Barros to a term of 70 months' imprisonment, the low end of his guidelines range, followed by two years of supervised release. (DE 91:17; DE 80).

3. Mr. Arregoces Barros subsequently filed an appeal from his conviction. *See* DE 84, 85, 86. That appeal remains pending.

4. On June 12, 2024, Mr. Arregoces Barros, acting *pro se*, filed a motion for a 2-level reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 of the United States Sentencing Guidelines (the "Zero-Point Offender" Amendment). (DE 102). Mr. Arregoces Barros asked this Court to reduce his sentence to 57 months, the low end of his guidelines range after the 2-level reduction. (DE 102:2).

5. The government agreed that Mr. Arregoces Barros is eligible for a 2-level reduction in his guidelines range under Amendment 821. (DE 103). However, the government maintained that this Court is without jurisdiction to grant the reduction due to the pendency of Mr. Arregoces Barros' appeal. Therefore, the government asked that the motion be denied without prejudice. (DE 103:5-6).

6. On July 12, 2024, this Court entered an order denying the motion without prejudice. The Order states:

> As the Government correctly points out, although Defendant is eligible for a reduced term of imprisonment under Amendment 821, this Court currently lacks jurisdiction to grant Defendant's Motion because his judgment is on appeal. . . . Defendant's motion is accordingly denied without prejudice for lack of jurisdiction due to Defendant's pending appeal.

(DE 104).

7. Mr. Arregoces Barros, through the undersigned counsel, has filed a renewed motion, again asking this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and Amendment 821. (DE 109).

8. Pursuant to Fed. R. Crim. P. 37, if a motion is filed which this Court lacks jurisdiction to grant because of a pending appeal, the Court may issue an indicative ruling, stating that it would grant the motion or that the motion raises a substantial issue. Furthermore, 11th Cir. Rule 12.1-(c)(2) states: "if the district court determines that the motion should be granted, the district court should enter an order stating that it intends to grant the motion if this court returns jurisdiction to it."

9. Therefore, Mr. Arregoces Barros respectfully asks this Court to issue an indicative ruling advising the Court of Appeals that it would grant Mr. Arregoces Barros' motion if jurisdiction were returned for that purpose.

10. Mr. Arregoces Barros will then ask the Eleventh Circuit to issue a limited remand, and return jurisdiction to this Court for the purposes of ruling on the motion. *See* Fed. R. App. P. 12.1(6) ("the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal").

11. The undersigned counsel has discussed this matter with Assistant United States Attorney Armando Mendez, who states that the United States takes no position with respect to Mr. Arregoces Barros' request for an indicative ruling.

**WHEREFORE**, the Defendant, Ronald Majil Arregoces Barros, respectfully moves this Court to issue an indicative ruling, informing the Court of Appeals that it would grant Mr. Arregoces Barros' request for a 2-level reduction if jurisdiction were returned for that purpose.

Respectfully Submitted,

HECTOR A. DOPICO
INTERIM FEDERAL PUBLIC DEFENDER

/s/ Tracy Dreispul
*Tracy Dreispul*
Assistant Federal Public Defender
Florida Bar No.: 0634621
150 W. Flagler Street, Suite 1500
Miami, Florida 33130-1556
(305) 536-6900 x. 4243
E-mail: tracy_dreispul@fd.org

CERTIFICATE OF SERVICE

I HEREBY certify that on August 23, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Tracy Dreispul*
Tracy Dreispul