# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 09, 2026

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

**FILED BY___ AP ___ D.C.**

**Feb 9, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number:  22-12552-CC
Case Style: USA v. Ronald Arregoces Barros
District Court Docket No: 1:21-cr-20438-BB-1

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

MDT-1 Letter Issuing Mandate

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12552
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RONALD MIJAIL ARREGOCES BARROS,

a.k.a. Ronald Mijail-Arrecooce,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20438-BB-1
_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: January 7, 2026

For the Court: DAVID J. SMITH, Clerk of Court

ISSUED AS MANDATE: February 9, 2026

**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

--------------------------

No. 22-12552
Non-Argument Calendar

--------------------------

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RONALD MIJAIL ARREGOCES BARROS,
  a.k.a. Ronald Mijail-Arregoces,

*Defendant-Appellant.*

--------------------------

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20438-BB-1

--------------------------

Before JORDAN, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Ronald Mijail Arregoces Barros ("Arregoces") appeals his conviction for conspiracy to possess five kilograms or more of a

2                     Opinion of the Court                  22-12552

mixture and substance containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States.  On appeal, Arregoces argues that the district court erred in convicting him and his conviction must be vacated because: (1) the government's authority to prosecute crimes committed on the high seas under the Maritime Drug Law Enforcement Act ("MDLEA") does not extend to conduct that occurs in a foreign nation's Exclusive Economic Zone ("EEZ"); (2) Congress exceeded its authority under the Felonies Clause[1] by defining "vessel without nationality" in the MDLEA, 46 U.S.C. § 70502(d)(1)(C), to include vessels that are not stateless under international law; (3) the government failed to prove that his vessel was subject to U.S. jurisdiction because a claim of nationality, as opposed to a claim of registry, does not meet the requirements set out by 46 U.S.C. § 70502(d)(1)(C); and (4) the MDLEA unconstitutionally allows the government to exercise jurisdiction over foreign nationals for offenses bearing no ties to the United States.  After careful consideration, we affirm.

**I.**

In August 2021, a boat bearing no indicia of nationality was spotted in the Caribbean Sea about 233 nautical miles south of Santo Domingo, Dominican Republic.  A Coast Guard team approached and boarded the boat.  They found three men—

---

[1] "Congress shall have Power . . . To define and punish Piracies and Felonies committed on the high Seas, and Offences against the law of nations."  U.S. Const. art. I, § 8, cl. 10.

22-12552               Opinion of the Court                3

Arregoces and his co-defendants—aboard.  During questioning by the Coast Guard team, one of the crew members claimed Colombian nationality for the vessel.  Pursuant to a U.S. and Colombia bilateral agreement, U.S. authorities contacted the Colombia government which could neither confirm nor deny registration of the vehicle.  The Coast Guard thus treated the boat as a vessel without nationality.  It recovered 798 kilograms of cocaine from the boat.

A grand jury in the Southern District of Florida returned an indictment charging Arregoces and his two co-defendants with conspiracy to possess five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States (Count One) and possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States (Count Two).

Arregoces and his codefendants jointly moved to dismiss the indictment.  In relevant part, they, first, argued that § 70502(d)(1)(C) of the MDLEA defining "stateless" vessels is facially unconstitutional because Congress exceeded its authority under the Felonies Clause by including vessels that are not stateless under international law.  Second, the defendants asserted that, because their alleged offenses took place within Venezuela's EEZ, the United States did not have jurisdiction over them.  Third, the defendants argued that the district court did not have personal jurisdiction over them because they had no ties to the United States and Congress's authority did not extend to offenses "bearing no connection to the United States."

The district court denied the motion to dismiss the indictment. The Court rejected the defendants' constitutional challenge, found that a country's EEZ beyond a country's territorial limit is part of the "high seas," and rejected the argument that the MDLEA requires a nexus between criminal conduct and the United States.

After the district court denied the motion to dismiss, Arregoces pled guilty to Count One in exchange for the government seeking dismissal of Count Two and promises to make certain sentencing recommendations. The district court sentenced Arregoces to 70 months' imprisonment, followed by 2 years of supervised release. In 2024, the district court reduced Arregoces's sentence to 57 months.

Arregoces timely appealed.

## II.

When a motion to dismiss the indictment is based on subject matter jurisdiction grounds, we review the district court's denial *de novo*. *United States v. Alfonso*, 104 F.4th 815, 820 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 2706 (2025). Likewise, we review "*de novo* a district court's interpretation of a statute and whether a statute is constitutional." *Id.* (citation modified). A defendant's guilty plea does not bar him from challenging the constitutionality of the statute of conviction. *Class v. United States*, 583 U.S. 174, 178 (2018).

## III.

On appeal, Arregoces raises four arguments. Arregoces first argues that his conviction must be vacated because his offense did

22-12552                Opinion of the Court                5

not occur on the "high seas" as that term is defined by international law.  Specifically, he argues that EEZs are not part of the high seas, and since he was arrested in the EEZ of Venezuela, his offense fell outside of Congress's limited powers.

The MDLEA makes it a crime to "knowingly or intentionally . . . possess with intent to manufacture or distribute, a controlled substance" on board "a [covered] vessel subject to the jurisdiction of the United States," and to conspire to do the same.  46 U.S.C. §§ 70503(a)(1), (e)(1), 70506(b).  The statute defines a "vessel subject to the jurisdiction of the United States" to include "a vessel without nationality."  *Id.* § 70502(c)(1)(A).  A "vessel without nationality" is defined to include "a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality."  *Id.* § 70502(d)(1)(C).  The MDLEA "applies even though the act is committed outside the territorial jurisdiction of the United States."  *Id.* § 70503(b).

Under Article I, Section 8, Clause 10 of the Constitution, Congress has "three distinct grants of power: (1) the power to define and punish piracies, (the Piracies Clause); (2) the power to define and punish felonies committed on the high [S]eas, (the Felonies Clause); and (3) the power to define and punish offenses against the law of nations (the Offences Clause)."  *Alfonso*, 104 F.4th at 820 (quotation marks omitted, alteration in original); U.S. Const. art. I, § 8, cl. 10.

6                    Opinion of the Court                   22-12552

In *Alfonso*, the defendants, who had been seized by the U.S. Coast Guard on a vessel in the Dominican Republic's EEZ, appealed their convictions under the MDLEA and challenged the constitutionality of the MDLEA, as applied to them under the Felonies Clause.  104 F.4th at 818–19.  In response to their constitutional challenges, we noted that we "repeatedly have upheld the MDLEA as a valid exercise of Congress's power to define and punish . . . Felonies on the high Seas."  *Id.* at 820 (quotation marks omitted, alteration in original).  We also held that "international law does not limit the Felonies Clause."  *Id.* at 826.  We further held that a nation's EEZ is "part of the 'high seas' for purposes of the Felonies Clause" and thus "enforcement of the MDLEA in EEZs is proper." *Id.* at 823, 827.

We affirmed *Alfonso*'s holding in *Canario-Vilomar*,  in which two appellants—one seized in a vessel 37 nautical miles north of Panama, the other seized in a vessel 145 nautical miles north of Colombia—challenged the district court's jurisdiction, arguing, as relevant here, that the MDLEA exceeds Congress's authority under the Felonies Clause, and that one appellant's arrest did not occur on the high seas because he was arrested in Colombia's EEZ. *United States v. Canario-Vilomar*, 128 F.4th 1374, 1376–78 (11th Cir. 2025).  We relied on *Alfonso* and similarly concluded that Congress was not constrained by international law in crafting the MDLEA. *Id.* at 1381.  ("[W]e reject [appellants'] contention that Congress was constrained by international law in crafting its definition of a stateless vessel or in defining the boundaries of the high seas."). Again relying on *Alfonso*, we rejected one appellant's argument

22-12552 Opinion of the Court 7

"that Congress could not reach him merely because he chose to traffic drugs in Colombia's EEZ rather than farther out into the open ocean." *Id.* at 1382.

"Under our prior-panel-precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting en banc." *Id.* at 1381 (citation modified). We have "categorically rejected an overlooked reason or argument exception to the prior-panel precedent rule." *Id.* (quotation marks omitted).

Arregoces's arguments as to this issue are thus foreclosed by our holdings in *Alfonso* and *Canario-Vilomar* that international law does not limit the Felonies Clause, that EEZs are part of the high seas, and that enforcement of the MDLEA in EEZs is proper. We thus reject Arregoces's argument that his conviction must be vacated because his offense did not occur on the high seas. We now turn to Arregoces's second argument.

## IV.

Arregoces next argues that Congress exceeded its authority under the Felonies Clause by defining "vessel without nationality" in § 70502(d)(1)(C) to include vessels that are not stateless under international law.

In *Canario-Vilomar*, we rejected the appellants' argument "that the MDLEA's definition of a vessel without nationality—

specifically, the inclusion of vessels for which a claimed nation can neither confirm nor deny registration—is ultra vires." 128 F.4th at 1381. Relying on *Alfonso*'s holding that the Felonies Clause is not limited by customary international law, we reasoned that "[i]t follows that international law cannot limit Congress's authority to define 'stateless vessel' for purposes of the MDLEA," such that appellants' argument was foreclosed, even though *Alfonso* did not address this precise issue. *Id.* (citing *Alfonso*, 104 F.4th at 826).

In sum, we have already held in *Alfonso* and *Canario-Vilomar* that international law does not limit Congress's authority under the Felonies Clause, so international law cannot limit Congress's authority to define "stateless vessel" for purposes of the MDLEA. Arregoces's arguments to the contrary are insufficient to overcome our binding, on-point precedent.

## V.

As to the third argument raised, Arregoces argues that the government failed to prove that the vessel was subject to the jurisdiction of the United States because § 70502(d)(1)(C) does not apply when a claim of nationality, rather than registry, is asserted. He states that the United Nations Convention on the Law of the Sea ("UNCLOS") permits states to exclude small boats, like the boat here, from their registries of vessels, and thus a nation's failure to immediately confirm a verbal claim of nationality from a crew member is not enough to establish that a vessel is truly stateless. Thus, Arregoces claims that Colombia's failure to confirm the boat's "registry" in response to the crew member's claim of

Colombian nationality for the vessel was insufficient to grant the United States jurisdiction.

In *United States v. Gruezo*, defendant Gruezo appealed his conviction and sentence for conspiracy and possession with intent to distribute five kilograms or more of cocaine while on board of a vessel subject to U.S. jurisdiction. 66 F.4th 1284, 1287 (11th Cir.), *cert. denied*, 144 S. Ct. 178 (2023). On appeal, in relevant part, he argued that the district court lacked subject matter jurisdiction over him under the MDLEA because § 70502(d)(1)(B) required "the Coast Guard to ask the master to make a claim of *both* nationality and registry for the vessel." *Id.* at 1291. We explained that "the MDLEA treats the terms 'nationality' and 'registry' as interchangeable throughout § 70502," such as § 70502(e), which jointly defines "[a] claim of nationality or registry." *Id.* at 1291 (alteration in original). We thus concluded that the failure of the vessel's master to claim nationality when requested by the USCG was sufficient to find the vessel was stateless and subject to U.S. jurisdiction under 46 U.S.C. § 70502(d)(1)(B). *Id.*

Furthermore, in *Alfonso*, where there was a matching claim of nationality instead of registry, we held that the defendants "made a verbal claim of Columbian *nationality* for the vessel, but Colombia could not confirm or deny *registry* of the vessel, which rendered the vessel stateless and subject to the jurisdiction of the United States under the MDLEA, pursuant to 46 U.S.C. § 70502(d)(1)(C)." 104 F.4th at 819 (emphasis added).

10                          Opinion of the Court                          22-12552

Because Arregoces's arguments as to this issue are foreclosed by our holdings in *Gruezo* and *Alfonso* that the MDLEA treats the terms "nationality" and "registry" as interchangeable instead of as distinct terms throughout § 70502, we reject Arregoces's argument due to the prior-panel-precedent rule.

**IV**.

Lastly, Arregoces argues that his prosecution exceeded Congress's powers under the Felonies Clause and violated his due-process rights because his offense bore no connection to the United States.

In *Campbell*, the U.S. Coast Guard saw a vessel in international waters near Jamaica and engaged in pursuit. *United States v. Campbell*, 743 F.3d 802, 804 (11th Cir. 2014). Three individuals aboard the vessel discarded dozens of bales of marijuana into the water. *Id.* The vessel lacked any indicia of nationality, and, though the master of the vessel declared Haitian registration, the Haitian government responded that it could neither confirm nor deny that claim. *Id.* Campbell, one of the members aboard the vessel, was charged under the MDLEA with conspiracy to possess and possession with intent to distribute 100 kilograms or more of marijuana and was found guilty at trial. *Id.* He appealed his conviction, claiming, as relevant, that (1) Congress exceeded its authority under the Felonies Clause in prohibiting his conduct because his conduct lacked any nexus to the United States, and (2) his conviction violated his due process rights because he had no contacts with the United States. *Id.* at 805–06, 809–10, 812.

As to the former argument, we "recognized that the conduct proscribed by the [MDLEA] need not have a nexus to the United States because universal and protective principles support its extra-territorial reach," noting that "the protective principle does not require that there be proof of an actual or intended effect inside the United States." *Id.* at 809–10 (alteration accepted and citation omitted). As to the latter argument, we held that the Due Process Clause "does not prohibit the trial and conviction of an alien captured on the high seas while drug trafficking, because the [MDLEA] provides clear notice that all nations prohibit and condemn drug trafficking aboard stateless vessels on the high seas." *Id.* at 812.

In *Canario-Vilomar*, one of the appellants asserted that "that the MDLEA violates principles of due process because it allows the United States to assert jurisdiction over foreign nationals for conduct that bears no nexus with the United States," although he acknowledged that we had rejected similar arguments. 128 F.4th at 1382. We agreed with the appellant that the argument was "plainly foreclosed by our binding precedent." *Id.* at 1382–83 (citing *Campbell*, 743 F.3d at 810. In so holding, we emphasized that we "have explained repeatedly" that "the conduct proscribed by the MDLEA need not have a nexus to the United States because universal and protective principles support its extraterritorial reach." *Id.* at 1383 (citation modified).

Arregoces's arguments are identical to the arguments presented to and rejected by us in *Campbell* and *Canario-Vilomar*.

12                    Opinion of the Court                    22-12552

Thus, these arguments are also foreclosed by the prior-panel-prec-edent rule.

★ ★ ★

Accordingly, for the reasons stated, we affirm Arregoces's conviction.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 07, 2026

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  22-12552-CC
Case Style:  USA v. Ronald Arregoces Barros
District Court Docket No:  1:21-cr-20438-BB-1

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing.

Costs
No costs are taxed.

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion